In *Rohner Gehrig & Co., Inc., et al.* v. *United States*, 39 Cust. Ct. 329, Abstract 60941, which is also cited in plaintiff's brief, the merchandise consisted of so-called binders which had been classified, and which this court held to be dutiable, as combs. There is nothing about that case to influence the conclusion reached in this case.

For all of the reasons hereinabove set forth, and on the basis of the present record, we hold the barrettes in question to be dutiable at the rate of 55 per centum ad valorem under paragraph 1527 (c) (2), as modified, *supra*, as classified by the collector.

The protests are overruled and judgment will be rendered accordingly.

BEFORE THE SECOND DIVISION, APRIL 10, 1962

No. 66687.—Sears, Roebuck and Co. *v.* United States, protest 61/4512–11767 (Chicago).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiff was sustained.

No. 66688.—Philkam Cycle Supply Co. *v.* United States, protest 61/12101 (B) (Detroit).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiff was sustained.

No. 66689.—Stor-All Corp. *v.* United States, protests 59/31913, etc. (Los Angeles).

RAO, Judge:   The five protests enumerated in the schedule of protests, hereto attached and made a part hereof, have been consolidated for purposes of trial.